## MEMPHIS AND VICKSBURG RAILROAD COMPANY *v.* R. W. OWENS.

CHANCERY PRACTICE. *Demurrer. Setting down. Answer.*

> If a defendant, who demurs to a bill in chancery in vacation does not appear, in person or by attorney, at the next term of court, or set down his demurrer for hearing, it may be overruled, and if no application is then made for time, an answer may be required at once, when, if still no one answers for the defendant, the bill may be taken *pro confesso*, and a final decree may be entered.

APPEAL from the Chancery Court of Tunica County.

Hon. J. G. HALL, Chancellor.

A demurrer to the appellee's bill was filed by the appellant in vacation, and at the next term of court was set down for hearing by the appellee, and the court then overruled the demurrer as of course, for the reason recited in its order that the defendant had not appeared in person or by attorney, or set down the demurrer for hearing, or shown cause why it should not be overruled. No one appearing for the defendant, the court required an immediate answer, which was not made, and a *pro confesso* was entered. The case was then set for final hearing *ex parte* and next day a final decree was made.

*Murray F. Smith*, for the appellant.

Reasonable time to answer must be allowed after overruling a demurrer. Code 1880, sect. 1890. It is not reasonable to order an absent party to answer immediately. Snap decrees like this are not good even under the English practice. 1 Dan. Ch. Pr. 522. After complainant set down the demurrer for hearing it had to be heard. He thus waived his right (if he had any) to have the demurrer disregarded. The defendant was entitled to the whole term in which to set his demurrer down, and, as the final decree was entered next day, the record shows that the whole term was not allowed.

No counsel for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

It was right for the court to overrule the demurrer, and there being no application for time in which to answer, and no suggestion of any reason for delay, it was proper to require an answer at once, and none being filed to take the bill as confessed and decree accordingly. The prevalent idea that it is matter of course and of right to be allowed thirty, sixty, or ninety days to answer after demurrer overruled, is erroneous. The statute contemplates the granting of such reasonable time as the court may allow to answer, when a plea or demurrer is disallowed, but it is expressly provided that this may be during the same term, and it is declared it should be where the plea or demurrer is merely for delay. The claim that the party filing a demurrer in vacation may have the whole of the next term in which to set it down for argument is not maintainable, as that would be to show greater indulgence to the party filing a demurrer in vacation, than to one filing his demurrer in term time. The latter is required to set his demurrer down for argument at once ; that is, to be heard presently at that term. Something must be allowed to the court, which may control its proceedings in giving effect to the statute. If filed in vacation, the demurrer must be set down for argument promptly at the next term, without unreasonable delay, of which the court must be the judge, and if it is not thus set down the demurrant must suffer as a penalty for his default the overruling of his demurrer without having it considered. We will not say that a demurrer filed in vacation must be set down on the first day of the next term. Much depends on the course of business of the particular court and the sound discretion of the chancellor, and we would not interfere with its exercise except where it appeared to have been abused.

Decree affirmed.